IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RODNEY J. MURPHY,**  Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:22-00018-KD-N ) |
| **STATE OF ALABAMA,** *et al.*,  Defendants. | ) ) ) |

## ORDER

Plaintiff Rodney J. Murphy, who is proceeding without counsel (*pro se*) and *in forma pauperis*, initiated this action on December 6, 2021, by filing a complaint with the United States District Court for the Middle District of Alabama. *See* (Doc. 1); Fed. R. Civ. P. 3. On January 12, 2022, that district court ordered the action transferred to this Court. (*See* Doc. 7). Following transfer, Murphy filed a motion to amend his complaint (Doc. 10),[1] along with an amended complaint dated April 11, 2022 (Doc. 11).

Under Federal Rule of Civil Procedure 15(a)(1), a "party may amend its pleading once as a matter of course within[,] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.

---

[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (electronic reference notation entered 4/14/2022).

R. Civ. 15(a)(1)(B). "Here, [Murphy] had not previously amended [his] complaint and the [Defendants] had not filed a responsive pleading. Pursuant to Rule 15(a), [Murphy] could have amended [his] complaint as a matter of course. Instead, [he] filed an unnecessary motion to amend, with the proposed amendments attached." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (per curiam). When a counseled party, within the time to amend as a matter of course under Rule 15(a)(1), instead chooses to file a motion to amend, that party "waive[s] the right to amend as a matter of course and … invite[s] the District Court to review its proposed amendments." *Id.* at 869–70. However, the Eleventh Circuit Court of Appeals has held that this rule does not apply to *pro se* parties. *See id.* at 870 n.2 ("Our conclusion is not inconsistent with *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004), in which we held that the district court abused its discretion by denying a motion to amend a complaint before any responsive pleading had been filed. There, the plaintiff was p*ro se*."); *Toenniges v. Ga. Dep't of Corr.*, 502 F. App'x 888, 889 (11th Cir. 2012) (per curiam) (unpublished) ("In *Coventry First*, we held that a plaintiff waives the right to amend his complaint as a matter of course if he chooses to file a motion to amend instead of filing the amended complaint as a matter of course. [605 F.3d] at 869–70. However, we distinguished *Brown* because the plaintiff in Brown was *pro s*e. *Id.* at 870 n. 2. Applying this distinction here, Toenniges, proceeding *pro se*, did not waive his right to amend as a matter of course merely because he filed a motion to amend instead of amending as a matter of course."); *Hoke v. Lyle*, 716 F. App'x 930, 931 (11th Cir. 2018) (per curiam) (unpublished) ("[A] *pro se* plaintiff (unlike a counseled party)

does not waive his right to amend as a matter of course by seeking the court's leave to amend." (citing *Coventry First*, 605 F. 3d at 870 n.2)). And "[w]hen the plaintiff has the right to file an amended complaint as a matter of course, … the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007).

Accordingly, because Murphy's amended complaint dated April 11, 2022 (Doc. 11), was filed as a matter of course under Rule 15(a)(1), his accompanying motion for leave to amend (Doc. 10) is **MOOT**.[2] The amended complaint (Doc. 11) is now the current operative pleading in this action, and supersedes the original complaint (Doc. 1).[3]

**DONE** and **ORDERED** this the 14th day of July 2022.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court emphasizes that Rule 15(a)(1) only allows a party to amend his pleading "*once* as a matter of course…" Fed. R. Civ. P. 15(a)(1) (emphasis added). Once a party has amended once as a matter of course, or the time to do so expires, the "party may [thereafter] amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

[3] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g.*, *Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").