IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY J. MURPHY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00018-KD-N |
| ) | |
| STATE OF ALABAMA, *et al.*, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

This civil action is before the Court *sua sponte* on review of the amended complaint dated April 11, 2022 (Doc. 11), filed by Plaintiff Rodney J. Murphy, who is proceeding without counsel (*pro se*) and *in forma pauperis*. Because Murphy was granted leave to proceed in this action without prepayment of fees under 28 U.S.C. § 1915, his complaint is subject to § 1915(e)(2), which states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the amended complaint (Doc. 11) under § 1915(e)(2)(B), the undersigned finds that the complaint is due to be dismissed in its entirety, but that dismissal should be without prejudice to Murphy's ability to file an amended complaint to plausibly allege certain claims.[1]

---

[1] The assigned District Judge has referred the amended complaint to the undersigned

## I. *Procedural Background & Summary of the Operative Complaint*

Murphy initiated this action on December 6, 2021, by filing a complaint with the United States District Court for the Middle District of Alabama. *See* (Doc. 1); Fed. R. Civ. P. 3. On January 12, 2022, that district court ordered the action transferred to this Court. (*See* Doc. 7). On April 13, 2022, Murphy filed the present amended complaint (Doc. 11) as a matter of course under Federal Rule of Civil Procedure 15(a)(1); that pleading is currently the operative complaint in this action.

The amended complaint identifies three defendants: the State of Alabama, the Marengo County Department of Human Resources (DHR), and Debra Williams. (*See id.*, PageID.8). Murphy asserts causes of action against the Defendants for violations of the "freedom of information act," "privacy act," "civil rights act of 1964," "42 U.S.C. section 1983," "U.S. Constitution … amendments 1, 4, 5, 6, 7, 8, 9, 10, 14," and "the Moroccan-American treaty of peace and friendship." (*Id.*, PageID.9-10). All causes of action appear to arise from a child paternity/custody dispute in the state court of Marengo County, Alabama. Murphy seeks monetary damages, along with injunctive relief for "the state of Alabama and its agents to cease and desist all cruel on going acts to the plaintiff and release [the subject] minors to his custody." (*Id.*, PageID.12).

---

Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (electronic reference notation entered 4/14/2022).

## II. *Analysis*

### A. Freedom of Information Act (FOIA) Claims

"As numerous … circuits have noted, it is beyond question that FOIA applies only to federal and not to state agencies." *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012) (quotation omitted) (citing decisions of the 1st, 2d, 3d, 5th, 9th, & D.C Circuits). *See also Johnson v. Wells*, 566 F.2d 1016, 1018 (5th Cir. 1978) ("[T]he Texas State Parole Board is not a federal agency; therefore, it is not an 'agency' within the meaning of [FOIA's] 5 U.S.C. s 551(1).").[2] As none of the Defendants are federal agencies, Murphy's FOIA claims are due to be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(i),[3] or alternatively under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim on which relief may be granted.

### B. Moroccan-American Treaty of Peace and Friendship

Murphy's reference to the "the Moroccan-American treaty of peace and friendship" presumably refers to the 1786 treaty between Morocco and the United States. A review of that treaty reveals nothing that could be construed as creating a

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[3] "Factual allegations are frivolous … when they are clearly baseless. Legal theories are frivolous when they are indisputably meritless." *Prather v. Norman*, 901 F.2d 915, 918 (11th Cir. 1990) (per curiam) (citation and quotations omitted).

right for Murphy to bring a civil cause of action against any of the Defendants. *See* https://founders.archives.gov/documents/Adams/06-18-02-0196#ADMS-06-18-02-0196-fn-0007-ptr (last visited July 14, 2022); https://www.loc.gov/item/mtjbib002275/ (last visited July 14, 2022). Rather, Murphy's complaint "suggests the sorts of frivolous theories of Moorish heritage vis-à-vis sovereignty that courts have universally rejected." *White v. Ozelie*, No. 19-CV-646, 2019 WL 2060135, at *2 (E.D. Wis. May 9, 2019) (and the cases cited therein). Accordingly, Murphy's claims based on "the Moroccan-American treaty of peace and friendship" are due to be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(i), or alternatively under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim on which relief may be granted.

### C. Eleventh Amendment Immunity

> Eleventh Amendment immunity bars suits by private individuals in federal court against a state unless the state has consented to be sued or has waived its immunity or Congress has abrogated the states' immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363–64, 121 S. Ct. 955, 962, 148 L.Ed.2d 866 (2001); *Cross v. Ala. Dep't of Mental Health & Mental Retardation,* 49 F.3d 1490, 1502 (11th Cir. 1995). "This bar exists whether the relief sought is legal or equitable." *Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986). The Eleventh Amendment applies when "the State or one of its agencies or departments is named as the defendant...." *Id.* (quotation marks omitted). That is, Eleventh Amendment immunity "is available 'only' to states and arms of the states." *Walker v. Jefferson Cty. Bd. of Educ.,* 771 F.3d 748, 751 (11th Cir. 2014).

*Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) (per curiam) (footnote omitted).

"Congress has not abrogated Eleventh Amendment immunity in § 1983 cases." *Id.* (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

"Furthermore, the State of Alabama has not agreed to be sued for violations of an individual's civil rights." *Id.* (citing Ala. Const. art. I, § 15 ("[T]he State of Alabama shall never be made defendant in any court of law or equity."); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057-58, 57 L. Ed. 2d 1114 (1978) (citing Ala. Const. art. I, § 14, now codified as § 15)). Accordingly, the State of Alabama is immune from Murphy's claims for both monetary and injunctive relief brought under both § 1983 and directly under the U.S. Constitution, and those claims are due to be dismissed without prejudice for lack of subject-matter jurisdiction under § 1915(e)(2)(iii) and/or Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See Nichols*, 815 F.3d at 733 ("Given that the State Bar is an arm of the state entitled to Eleventh Amendment immunity, the district court properly dismissed Nichols's § 1983 action without prejudice for lack of subject matter jurisdiction.").[4]

## D. Privacy Act Claims

"The Privacy Act of 1974 contains only two substantive sections, section 3 and section 7." *Schwier v. Cox*, 340 F.3d 1284, 1287 (11th Cir. 2003) (citing 88 Stat. at 2177–94). "Section 3 of the Privacy Act *applies only to federal agencies* and, among other things, delineates an individual's right to records of federal agencies and right to be protected from disclosure of records by federal agencies. Section 3 contains a comprehensive remedial scheme which includes the right to bring a civil action

---

[4] Additionally, states are not "persons" subject to liability under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989)

against a federal agency; however, the remedial scheme of section 3 states that it applies *only* to section 3." *Id.* Thus, Murphy has no private right of action under section 3 of the Privacy Act against any of the Defendants, none of whom are federal agencies.

"Section 7 of the Privacy Act bars federal, state, or local agencies from denying 'any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number' to the agency. Section 7 of the Privacy Act does not contain its own remedial scheme and is explicitly excluded from the remedial scheme of section 3; thus, section 7 has *no* remedial scheme." *Id.* at 1288 (footnote and some emphasis omitted). However, the Eleventh Circuit Court of Appeals, whose decisions are binding on this Court, has held that "the rights conferred by section 7 may be enforced under § 1983." *Id.* at 1292. Nevertheless, as explained above, the State of Alabama is immune from suit under § 1983.

For the foregoing reasons, Murphy's Privacy Act claims brought directly under that act are due to be dismissed as frivolous under § 1915(e)(2)(i), or alternatively under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim on which relief may be granted, and his claims against the State of Alabama seeking to enforce section 7 of the Privacy Act under § 1983 are due to be dismissed without prejudice under § 1915(e)(2)(iii) and/or Rule 12(h)(3) because they are barred by Eleventh Amendment immunity.

### E. Direct Constitutional Claims

To the extent Murphy asserts claims against the Marengo County DHR and Williams directly under various constitutional amendments, as opposed to though § 1983, those claims are due to be dismissed under § 1915(e)(2)(ii). "Although the Supreme Court has implied a direct right of action under the eighth amendment against federal officials, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980), a similar right of action should not be implied against state officials. When Congress has provided an adequate alternative remedial scheme, which is intended to be a substitute for direct recovery under the constitution, a Bivens -type action[5] is inappropriate. *Id.* at 18-19, 100 S. Ct. at 1472 … [T]he effectiveness of [a plaintiff's] claim under section 1983 precludes the implication of a direct constitutional action … against state officials." *Williams v. Bennett*, 689 F.2d 1370, 1390 (11th Cir. 1982).

### F. Allegations Supporting Remaining Claims

Assuming the Court agrees with the foregoing analysis and dismisses those claims accordingly, that leaves pending (1) Murphy's § 1983 claims against the Marengo County DHR and Williams, who is being sued in both her official and individual capacities (*see* Doc. 11, PageID.12), for violations of section 7 of the Privacy Act, and of "U.S. Constitution … amendments 1, 4, 5, 6, 7, 8, 9, 10, 14;" and (2) Murphy's claims for violations of the Civil Rights Act of 1964 against all Defendants.

---

[5] *Bivins v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

In deciding whether a complaint fails to state a claim upon which relief can be granted, in general "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). The court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations and some quotations omitted). *See also Duty Free*, 797 F.3d at 1262 (Courts " 'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n. 1 (11th Cir. 2013) (per curiam))).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, -- U.S. --, 140 S. Ct. 1009, 1014, 206 L. Ed. 2d 356 (2020).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678). *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the

plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 567)).

Murphy's allegations in support of his claims are as follows:

1.) "The State of Alabama implemented cruel + unusual punishment on plaintiff while kidnapp/seize [sic] the minors from the actual kidnapper."

2.) "Marengo County DHR asserted great force to coerce the plaintiff to produce information that self incriminated the plaintiff. Inaddition [sic] to depriving the plaintiff of the following rights visitation, life, fair trial, paternity testing, discovery."

3.) "Debra Williams is coercing the plaintiff to produce ransom funds in the disguise of spousal support, mean while Ms. Williams is an agent for the state of Alabama."

These sparse allegation are largely legal conclusions masquerading as a facts, which the Court is not required to accept as true. To the extent any of the foregoing allegations can be considered "well-pleaded," even considered as a whole they are insufficient to plausibly suggest that either the Marengo County DHR or Williams is liable to Murphy under § 1983 for a violation of any of the constitutional amendments Murphy has identified, or that any Defendant is liable to Murphy for violations of the Civil Rights Act of 1964.[6] Moreover, the Civil Rights Act of 1964 is a broad act

---

[6] Murphy has attached a letter to him from Williams as an exhibit to his amended complaint (*see* Doc. 11-1, PageID.16), and attached various documents from the Marengo County state court proceedings as exhibits to his original complaint (*see* Doc. 1-1). While this is permissible, *see* Fed. R. Civ. P. 10(c) ("A copy of a written

creating numerous causes of action, and Murphy has failed to specify the section(s) of the Act on which he is basing his claims.

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted). *Pro se* litigants are also required to conform to procedural rules. *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011). Because Murphy's amended complaint fails to satisfy Rule 8(a)(2)'s "plausibility standard" for pleading a § 1983 claim against the Marengo County DHR or Williams, or a Civil Rights Act of 1964 claim against any Defendant, those claims are due to be dismissed under § 1915(e)(2)(ii) for failure to state a claim on which relief may be granted.

### G. Leave to Amend

The general rule in this circuit for *pro se* plaintiffs is that, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled*

---

instrument that is an exhibit to a pleading is a part of the pleading for all purposes."), it does not relieve Murphy from meeting minimal pleading standards, or shift the burden on the Court or the Defendants to divine how any of these documents relate to or support his causes of action.

*in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank*'s one-chance-to-amend rule as to counseled parties)). However, "where the plaintiff has indicated that he does not wish to amend his complaint," or "if a more carefully drafted complaint could not state a claim[,]" then "the district court need not dismiss with leave to amend[,]" and "dismissal with prejudice is proper." *Id.*

Here, the undersigned finds a more carefully drafted complaint would not overcome:

1. the State of Alabama's entitlement to Eleventh Amendment immunity on all § 1983 and direct constitutional claims;
2. the fact that Murphy's ability to assert constitutional claims against the Marengo County DHR and Williams under § 1983 forecloses implication of causes of action asserted directly under the U.S. Constitution;
3. the fact that none of the Defendants are subject to the Freedom of Information Act; and
4. the fact that there is no cause of action against any Defendant either under the Moroccan-American Treaty of Peace and Friendship, or directly under the Privacy Act.

Accordingly, leave to amend prior to final dismissal should be denied for (1) all § 1983 and direct constitutional claims against the State of Alabama; (2) all direct constitutional claims against the Marengo County DHR and Williams (as opposed to those asserted through § 1983); (3) all claims brought under the Freedom of

Information Act and the Moroccan-American Treaty of Peace and Friendship; and (4) all claims brought directly under the Privacy Act (as opposed to those asserted through § 1983). As for all remaining claims—i.e., the § 1983 claims against the Marengo County DHR and Williams for violations of the U.S. Constitution and section 7 of the Privacy Act, and the Civil Rights Act of 1964 claims against all Defendants—the undersigned finds that Murphy should be given an opportunity to amend his complaint to allege enough well-pleaded factual matter plausibly stating claims for relief under those laws under the standards set forth above. Because it would promote clarity, Murphy should also be ordered to amend his complaint so that "each claim founded on a separate transaction or occurrence … must be stated in a separate count…" Fed. R. Civ. P. 10(b).

### III.  *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** the following:

1. that all § 1983 and direct constitutional claims against the State of Alabama be **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B)(iii) and/or Rule 12(h)(3), without leave to amend as to those claims;

2. that all direct constitutional claims (as opposed to claims brought under § 1983 for violations of constitutional rights) against the Marengo County DHR and Williams be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, without leave to amend as to

those claims;

3. that the claims against all Defendants brought under the Freedom of Information Act and the Moroccan-American Treaty of Peace and Friendship, and directly under the Privacy Act (as opposed to seeking to enforce section 7 of the Privacy Act through § 1983) be **DISMISSED with prejudice** under §§ 1915(e)(2)(B)(i) and/or 1915(e)(2)(B)(ii), without leave to amend as to those claims;

4. that the remaining claims—the § 1983 claims against the Marengo County DHR and Williams for violations of the U.S. Constitution and section 7 of the Privacy Act, and the Civil Rights Act of 1964 claims against all Defendants—be **DISMISSED** under § 1915(e)(2)(B)(ii), subject to Murphy being granted leave to amend his complaint by a certain date to plausibly allege causes of action under those laws; and

5. that Murphy be required, if he chooses to file an amended complaint, to state each claim founded on a separate transaction or occurrence in a separate count, and to clearly identify under what part(s) of the Civil Rights Act of 1964 he is asserting claims.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-

1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 14th day of July 2022.

                                             */s/ Katherine P. Nelson*
                                             **KATHERINE P. NELSON**
                                             **UNITED STATES MAGISTRATE JUDGE**