IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RODNEY J. MURPHY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00018-KD-N |
| ) | |
| **STATE OF ALABAMA, MARENGO** ) | |
| **COUNTY DEPARTMENT OF HUMAN** ) | |
| **RESOURCES, and DEBRA WILLIAMS,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Rodney J. Murphy, who is proceeding without counsel (*pro se*) and *in forma pauperis*, filed an amended complaint dated April 11, 2022 (Doc. 11), which is the operative complaint in this action. The Magistrate Judge screened the amended complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and issued a report and recommendation to the Court. (Doc. 15).

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made (Doc. 17), the Report and Recommendation of the Magistrate Judge (Doc. 15) made under 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b), and S.D. Ala. GenLR 72(a), and dated July 14, 2022, is **ADOPTED** as the opinion of the Court.

Accordingly, the Court **ORDERS** the following:

1. Freedom of Information Act (FOIA) Claims. Because none of the Defendants are federal agencies, Murphy's FOIA claims are **dismissed with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(i) as frivolous, and/or 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, **without leave to amend as to those claims**.

2. <u>Moroccan-American Treaty of Peace and Friendship</u>. Because the Treaty does not create a right to bring a civil cause of action against any of the Defendants, Murphy's claims based upon the Treaty are **dismissed with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(i) as frivolous, and/or 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, **without leave to amend as to those claims.**

3. <u>State of Alabama Eleventh Amendment Immunity</u>. All claims brought against Defendant State of Alabama under 42 U.S.C. § 1983 and directly under the U.S. Constitution are **dismissed without prejudice** for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B)(iii) and/or Federal Rule of Civil Procedure 12(h)(3) as barred by Eleventh Amendment immunity, **without leave to amend as to those claims.**  All claims against the State of Alabama seeking to enforce section 7 of the Privacy Act under 42 U.S.C. § 1983 are **dismissed without prejudice** 28 U.S.C. § 1915(e)(2)(B)(iii) and/or Federal Rule of Civil Procedure 12(h)(3) as barred by Eleventh Amendment immunity, **without leave to amend as to those claims**.

4. <u>Privacy Act Claims brought pursuant to section 3 of the Privacy Act against all Defendants</u>. All claims against Defendants, none of whom are federal agencies, brought directly under section 3 of the Privacy Act of 1974, which only applies to federal agencies, a**re dismissed with prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(i) as frivolous, and/or 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, **without leave to amend as to those claims.**

5. <u>Direct Constitutional Claims against Defendants Marengo County Department of Human Resources (DHR) and Debra Williams</u>. All direct constitutional claims against the DHR and Williams are **dismissed with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii) for

   failure to state a claim on which relief may be granted, **without leave to amend as to those claims.**

6. <u>The Remaining Claims</u>. The claims against the DHR and Williams brought under 42 U.S.C. § 1983 for violations of the U.S. Constitution, the claims against DHR and Williams for violations of section 7 of the Privacy Act, and the claims against all Defendants for violations of the Civil Rights Act of 1964, are **dismissed** under § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, **unless no later than <u>October 5, 2022</u>, Murphy files a second amended complaint** to plausibly allege causes of action under those laws.

7. If Murphy chooses to file a second amended complaint, he must state each claim founded on a separate transaction or occurrence in a separate count and must clearly identify under what part(s) of the Civil Rights Act of 1964 he is asserting claims. Fed. R. Civ. P. 10(b).

   **DONE** and **ORDERED** this the 14th day of September 2022.

   /s/ Kristi K. DuBose
   **KRISTI K. DuBOSE**
   **UNITED STATES DISTRICT JUDGE**