# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RODNEY J. MURPHY,<br>    Plaintiff,<br><br>v.<br><br>STATE OF ALABAMA, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)   CIVIL ACTION NO. 1:22-00018-KD-N<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This civil action is before the Court *sua sponte* on review of the second amended complaint dated October 4, 2022 (Doc. 19), filed by Plaintiff Rodney J. Murphy, who is proceeding without counsel (*pro se*) and *in forma pauperis* (see Doc. 13). Because Murphy was granted leave to proceed in this action without prepayment of fees under 28 U.S.C. § 1915, his complaint is subject to § 1915(e)(2), which states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Upon review of the second amended complaint (Doc. 19), the undersigned finds that the Court lacks jurisdiction to consider it because it was filed after final judgment was deemed entered by operation of law. Alternatively, the undersigned finds that it is due to be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii)

for failure to state a claim on which relief may be granted.[1]

I. *Procedural Background & Summary of the Operative Complaint*

Murphy initiated this case on December 6, 2021, by filing a complaint with the United States District Court for the Middle District of Alabama. *See* (Doc. 1); Fed. R. Civ. P. 3. On January 12, 2022, that district court ordered the case transferred to this Court. (*See* Doc. 7). On April 13, 2022, Murphy filed his first amended complaint (Doc. 11) as a matter of course under Federal Rule of Civil Procedure 15(a)(1).

The first amended complaint identified three defendants: the State of Alabama, the Marengo County Department of Human Resources (DHR), and Debra Williams. (*See id.*, PageID.8). Murphy asserted causes of action against those Defendants for violations of the "freedom of information act," "privacy act," "civil rights act of 1964," "42 U.S.C. section 1983," "U.S. Constitution … amendments 1, 4, 5, 6, 7, 8, 9, 10, 14," and "the Moroccan-American treaty of peace and friendship." (*Id.*, PageID.9-10). All causes of action appeared to arise from a child paternity/custody dispute in the state court of Marengo County, Alabama. Murphy sought monetary damages, along with injunctive relief for "the state of Alabama and its agents to cease and desist all cruel on going acts to the plaintiff and release [the subject] minors to his custody." (*Id.*, PageID.12).

On July 14, 2022, the undersigned, after reviewing the first amended

---

[1] The assigned District Judge has referred the amended complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (electronic reference notation entered 10/7/2022).

complaint under § 1915(e)(2), entered a Report and Recommendation recommending that the Court dismiss the first amended complaint in its entirety, but that Murphy be granted the opportunity to amend his complaint to plausibly allege certain causes of action—specifically, his 42 U.S.C. § 1983 claims against the Marengo County DHR and Williams for violations of the U.S. Constitution and section 7 of the Privacy Act of 1974, and his claims against all three of the defendants under the Civil Rights Act of 1964. (*See* Doc. 15). The undersigned further recommended that Murphy be required "to clearly identify under what part(s) of the Civil Rights Act of 1964 he is asserting claims" should he choose to amend his complaint. (*Id.*, PageID.49). Over Murphy's objection (*see* Doc. 17), the assigned District Judge adopted the Report and Recommendation in full and granted Murphy until October 5, 2022, to file a second amended complaint in accordance with those recommendations. (*See* Doc. 18). Murphy signed and mailed his second amended complaint on October 4, 2022 (*see* Doc. 19, PageID.66-67), but it was not received by the Clerk of Court until October 6, 2022 (*see id.*, PageID.58).

## II. *Analysis*

### a. Court Lacks Jurisdiction to Consider the Untimely Second Amended Complaint

As stated in the Court's prior order adopting the Report and Recommendation, Murphy was required to file his second amended complaint by the date certain of October 5, 2022. (See Doc. 18, PageID.57). The envelope in which the second amended complaint was received is postmarked October 4, 2022. (*See* Doc. 19, PageID.67).

However, the Clerk of Court timestamped the second amended complaint as received on October 6, 2022 (*see id.*, PageID.58).[2] Murphy did not include a motion to extend the amendment deadline with the second amended complaint.

"An application is 'filed,' as that term is commonly understood, when it is delivered to, *and accepted by*, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed.2 d 213 (2000) (emphasis added). In other words, " '[a] paper is filed when it is delivered to the proper official *and by him received and filed*[.]' " *Id.* (quoting *United States v. Lombardo*, 241 U.S. 73, 76, 36 S. Ct. 508, 60 L. Ed. 897 (1916)) (alterations and emphasis added). While Murphy "delivered" (by mail) his second amended complaint to the Clerk of Court one day prior to the October 5 deadline, it was not received by the Clerk of Court—and thus was not "filed"—until one day after that deadline.[3]

---

[2] The envelope, which was sent from Montgomery, Alabama, does not indicate that Murphy paid for express or overnight mailing of the second amended complaint.

[3]  Federal Rule of Civil Procedure 6 provides that, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). While Murphy was served with the Court's order granting leave to amend by mail, Rule 6(a), and therefore Rule 6(d), do not apply because the Court set a date certain for Murphy to act. *See* Fed. R. Civ. P. 6(a) advisory committee's note to 2009 amendment ("The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set. The amendments thus carry forward the approach taken in *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) (holding that Civil Rule 6(a) 'does not apply to situations where the court has established a specific calendar day as a deadline') … If, for example, the date for filing is 'no later than November 1, 2007,' subdivision (a) does not govern. But if a filing is required to be made 'within 10 days' or 'within 72 hours,' subdivision (a) describes how that deadline is computed.").

"[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension. And when the order becomes a final judgment, the district court loses all its prejudgment powers to grant any more extensions of time to amend the complaint. The only recourse for a plaintiff who seeks to set aside the final judgment is to appeal, Fed. R. App. P. 3, move to alter or amend the judgment, Fed. R. Civ. P. 59(e), or move for relief from the final judgment, Fed. R. Civ. P. 60(b)." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) (case citations and quotation omitted) (citing *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132-33 (11th Cir. 1994)). Because Murphy did not file his second amended complaint by the October 5 deadline, the Court's order dismissing his first amended complaint with leave to amend "became [a] final judgment[,]" and this Court "surrendered jurisdiction of th[is] action[,] when the deadline to amend expired." *Id.* at 720 (quotation marks omitted). Federal Rule of Civil Procedure 6(b) "does not allow a district court to extend the time for a party to

---

Courts have recognized a "prison mailbox rule, under which a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quotation omitted). However, as the name suggests, that rule only applies to *pro se* filings by incarcerated individuals, and was intended to address "concern for fairness in recognition of the unique disadvantages of an incarcerated pro se litigant for court filings." *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993) (quotation marks omitted) (citing *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988)). As Murphy is not incarcerated, he cannot avail himself of the prisoner mailbox rule to have his second amended complaint deemed as filed on the date it was mailed.

act after it has entered a final judgment[,]" *id.*, and Federal Rule of Civil Procedure 15(a), governing amendment of pleadings "before trial," " 'has no application once the district court has dismissed the complaint and entered final judgment for the defendant.' " *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006)).[4] Thus, because final judgment stood as entered after the expiration of the October 5, 2022 deadline to amend, the Court lacks jurisdiction to consider Murphy's second amended complaint, filed the next day, absent a grant of relief under either Rule 59(e) or Rule 60(b), which Murphy has not requested. Accordingly, the undersigned **RECOMMENDS** that the Court direct the Clerk of Court to administratively close this action due to final judgment having been entered as described above.

**b. Second Amended Complaint Fails to Plausibly Allege a Cause of Action**

Even if the Court had jurisdiction to consider the second amended complaint, the undersigned finds that it would be due to be dismissed, with prejudice, under § 1915(e) because it "fails to state a claim on which relief may be granted…" 28 U.S.C. § 1915(e)(2)(B)(ii).

As was explained to Murphy in the prior Report and Recommendation (*see* Doc. 15, PageID.43-45)—adopted in full as the opinion of the Court (*see* Doc. 18)—"[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain

---

[4] " 'Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6).' " *Jacobs*, 626 F.3d at 1344–45 (quoting *U.S. ex rel. Atkins*, 470 F.3d at 1361 n.22)).

statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations and some quotations omitted). *See Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015) (Courts " 'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam))).

> "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim[5]], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

"The plausibility standard is not akin to a probability requirement, but it asks

---

[5] "Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton County*, -- U.S. --, 140 S. Ct. 1731, 1754, 207 L. Ed. 2d 218 (2020).

for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, -- U.S. --, 140 S. Ct. 1009, 1014, 206 L. Ed. 2d 356 (2020).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678). *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679).[6]

---

[6] Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted). *Pro se* litigants

After explaining the foregoing principles, the Court previously determined that the "sparse allegation [sic]" in Murphy's first amended complaint "are largely legal conclusions masquerading as a facts, which the Court is not required to accept as true[,]" and "[t]o the extent any of th[ose] allegations can be considered 'well-pleaded,' even considered as a whole they are insufficient to plausibly suggest that either the Marengo County DHR or Williams is liable to Murphy under § 1983 for a violation of any of the constitutional amendments Murphy has identified, or that any Defendant is liable to Murphy for violations of the Civil Rights Act of 1964." (Doc. 15, PageID.45). The Court therefore dismissed "[t]he claims against the DHR and Williams brought under 42 U.S.C. § 1983 for violations of the U.S. Constitution, the claims against DHR and Williams for violations of section 7 of the Privacy Act, and the claims against all Defendants for violations of the Civil Rights Act of 1964, … under § 1915(e)(2)(B)(ii)," with leave to timely file "a second amended complaint to *plausibly* allege causes of action under those laws." (Doc. 18, PageID.57 (italic emphasis added) (boldface omitted)).

Abandoning his claims under the Privacy Act and the Civil Rights Act of 1964 entirely by failing to include them in the second amended complaint, Murphy, in his second amended complaint, again invokes Amendments 1, 4, 5, 6, 7, 8, 9, 10, 14 of the U.S. Constitution, while also adding Amendments 2 and 13 (*see* Doc. 19, PageID.61)—this, in spite of the Court having previously dismissed Murphy's claims brought

---

are also required to conform to procedural rules. *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011).

directly under the U.S. Constitution without leave to amend (*see* Doc. 15, PageID.48-49; Doc. 18, PageID.56-57), after explaining that his civil claims for violations of the Constitution must be brought under § 1983 (*see* Doc. 15, PageID.42).[7] Murphy also invokes, for the first time, "18 U.S Code 1201 – Kidnapping," the "federal kidnapping act," "Title 13A Criminal Code 13A-6-43," "Human Rights," "fathers rights etc.," "black codes," and "convention on the rights of the child." (Doc. 19, PageID.61). The second amended complaint also adds a fourth defendant, Vincent Deas. (*See id.*, PageID.59, 62).

Despite having been previously advised that his complaint is required to provide sufficient "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief," Murphy's second amended complaint makes no effort to meet that pleading standard. Rather, Murphy's "statement of claim" alleges, in its entirety, as follows:

> first cause of action
>
> 1.) all defendants conspired to unlawfully and wrongfully deprive the plaintiff of the following:
>
>    a. Minor(s)
>
>    b. fathers rights
>
>    c. constitutional rights
>
> second cause of action

---

[7] The second amended complaint makes no mention of § 1983.

2.) all defendants conspired to deliberately kidnap minor(s).

   a. 48-CS-2021-9000 35.00

   b. 48-CS-2021-9000 34.00

3.) all defendants conspired to blatantly deprive the plaintiff of constitutionally protected fathers rights.

(Doc. 19, PageID.64).[8]

As with the first amended complaint, these sparse allegation are largely legal conclusions masquerading as a facts, which the Court is not required to accept as true. To the extent any of them can be considered "well-pleaded" allegations, even considered as a whole they are insufficient to plausibly suggest that any Defendant is liable to Murphy under any of the authorities to which he has cited.[9] Additionally, Murphy's second amended complaint is an impermissible "shotgun pleading" because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants

---

[8] As relief, Murphy demands that the Court "order the state of alabama [sic] and/or Marengo County D.H.R., to release said minor(s) to the plaintiffs' [sic] custody[,]" as well as award him "$50,000,000.00" in damages against Deas and Williams, individually. (Doc. 19, PageID.65).

[9] As with his first two complaints, Murphy has attached various documents as exhibits to his second amended complaint (*see* Docs. 19-1 through 19-8), with no explanation as to their significance. As Murphy was previously warned (see Doc. 15 n.6, PageID.45-46), while this is permissible, *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."), it does not relieve Murphy from meeting minimal pleading standards, or shift the burden to the Court or the Defendants to divine how any of these documents relate to or support his causes of action.

the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

Because Murphy's second amended complaint fails to satisfy Rule 8(a)(2)'s "plausibility standard" for any claim, then to the extent the Court still has jurisdiction to consider it, the second amended complaint is due to be dismissed in its entirety under § 1915(e)(2)(ii) for failure to state a claim on which relief may be granted. Moreover, because Murphy was already given a chance to file "a more carefully drafted complaint [that] might state a claim," *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank*'s one-chance-to-amend rule as to counseled parties)), and because his second amended complaint made no effort to cure the pleading deficiencies noted in the first amended complaint, dismissal should be with prejudice and without further leave to amend.

### III.   *Conclusion & Recommendations*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** as follows:

   a) that the Court find that final judgment was deemed entered by operation of law immediately after the expiration of October 5, 2022, due to Murphy's

failure to timely file his second amended complaint in response to the Court's order dismissing his prior complaint with leave to amend as to certain claims; find that the Court accordingly lacks jurisdiction to consider the second amended complaint; and **DIRECT** the Clerk of Court to administratively close this action due to entry of final judgment; and/or

b) in the alternative, that the Court **DISMISS** the second amended complaint (Doc. 19) **with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of November 2022.

>  */s/ Katherine P. Nelson*  
> **KATHERINE P. NELSON**  
> **UNITED STATES MAGISTRATE JUDGE**