IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RODNEY J. MURPHY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00018-KD-N |
| ) | |
| **STATE OF ALABAMA,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This action is before the Court on *pro se* Plaintiff Rodney J. Murphy's Notice of Appeal (doc. 24). The docket indicates that Murphy did not pay the appellate filing fee. Therefore, the Court construes the Notice of Appeal as a motion to proceed on appeal without prepayment of fees. Upon consideration, and for the reasons set forth herein, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), that Murphy's appeal is not taken in good faith. Accordingly, the construed motion is DENIED.

Title 28 U.S.C. § 1915(a) provides the guidelines for proceeding *in forma pauperis* on appeal. In relevant part, the statute states as follows:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1)&(3).

The Court previously granted Murphy's Motion to Proceed without Prepayment of Fees (docs. 12, 13). Therefore, Rule 24(a)(3) of the Federal Rules of Appellate Procedure applies. In relevant part, the Rule sets forth as follows:

> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding[.]

Fed. R. App. P. 24(a)(3).

When Murphy was granted leave to proceed without prepayment of fees, he reported no assets except a 1997 Chevrolet valued at $800.00 (doc. 12). He also reported that he had not worked since November 2021. When questioned how he provided basic living needs, Murphy stated that he had "been performing odd jobs" and "just applied for food stamps" (Id.). Since significant improvement in Murphy's financial status is unlikely, the Court assumes, for purposes of this order, that he is financially unable to proceed on appeal.

Thus, pursuant to the statute and the Rule, the Court must determine whether Murphy's appeal is taken in good faith. An appeal is taken in good faith when the appellant seeks "appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat. Bank, 271 Fed. Appx. 858, 859 (11th Cir. 2008) (per curiam) citing Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962). Therefore, the Court cannot grant leave to proceed *in forma pauperis* if the issues on appeal are frivolous. 28 U.S.C. § 1915(e)(2) (B)(i)-(iii); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A "case is frivolous [ ] when it appears that the plaintiff has little to no chance of success," meaning that the "factual

allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll, 984 F.2d at 393 (citations omitted); Ghee, 271 Fed. Appx.at 859.

Murphy, a non-prisoner, filed a *pro se* complaint against the State of Alabama, Marengo County Department of Human Resources, and Vincent Deas (doc. 1). His alleged violation of constitutional rights appears to have been based on the loss of custody of his minor children. Murphy amended his complaint once as a matter of course.  He eliminated Vincent Deas but added Debra Williams as Defendant.  He brought his amended complaint pursuant to 42 U.S.C. § 1983 and claimed violations of the Freedom of Information Act, Privacy Act, Civil Rights Act of 1964, and "U.S. Constitution violation Amendments 1, 4, 5, 6, 7, 8, 9, 10, 14" (doc. 11, p. 3). His alleged claims appear based on the loss of custody and a "ransom" on the children "in the disguise of spousal support." (Id., p. 6).  Murphy was granted leave to proceed without prepayment of fees (doc. 13), but service of process was withheld pending review.

Upon review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), The Magistrate Judge recommended dismissal without prejudice in part, and dismissal with prejudice in part, but also recommended that dismissal "should be without prejudice to Murphy's ability to file an amended complaint to plausibly allege certain claims" (doc. 15, p. 1). The Court adopted the Report and Recommendation, and Murphy was given a date certain to file a second amended complaint (doc. 18).  Two days after the deadline, Murphy filed a second amended § 1983 complaint against the State of Alabama, Marengo County Department of Human Resources, and Vincent Deas and Debra Williams as "agent".  His claims were based primarily on an alleged conspiracy to deprive him of his rights as a father (doc. 19). The Magistrate Judge, after conducting a review pursuant to 28 U.S.C. § 1915(e)(2), entered a Report and Recommendation that the Court lacked jurisdiction to consider the second amended complaint because it was filed

3

after the deadline, and therefore, the order of dismissal which set the deadline became a final judgment of dismissal.  Alternatively, the Magistrate Judge recommended dismissal with prejudice of the second amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted (doc. 20).  Murphy objected to the Report and Recommendation (doc. 21).  The Court considered the objections and adopted the Report and Recommendation (docs. 22, 23).

Murphy filed a Notice of Appeal (doc. 24) but did not identify the grounds for appeal in his Notice.  However, the Court had found two grounds for dismissal.  Thus, any appeal must be based upon an error involving those grounds.  First, Murphy's amended complaint was dismissed with leave to amend. The order of dismissal set a time frame for filing a second amended complaint. However, Murphy did not timely file.  Thus, by operation of law, the order of dismissal became a final judgment and this Court lost jurisdiction to allow the second amended complaint.  The Court finds no error in this decision.  Second, even if jurisdiction was not lost, the second amended complaint was due to be dismissed with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  The Magistrate Judge's Report and Recommendation, which this Court adopted, identified sufficient pleading deficiencies in the second amended complaint to merit dismissal with prejudice (doc. 20).  The Court finds no error in this decision.  Thus, any grounds for appeal would be "without arguable merit either in law or fact" and therefore, "frivolous" and "not brought in good faith." <u>Ghee</u>, at 859-860.

**DONE** and **ORDERED** this the 9th day of January 2023.

/s/ KristiK.DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**